IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-78,260-01






EX PARTE DANIEL VILLEGAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 76187 FROM THE


41ST DISTRICT COURT OF EL PASO COUNTY





 Price, J., filed a concurring opinion.


CONCURRING OPINION



 It has sometimes been said that we "recognize[] two types of 'innocence' claims." (1) 
One is the "bare claim of innocence," which we recognized to be a due-process-based claim
in Elizondo. (2) The other is the so-called "Schlup actual innocence claim," which we have
identified as being based upon the opinion of the United States Supreme Court in Schlup v.
Delo (3)--a decision with respect to federal procedure that has no bearing on state habeas
proceedings, except to the extent that our statutory abuse-of-the-writ provisions were
patterned after it. (4) The United States Supreme Court does not (at least not yet, assuming it
ever will) recognize that bare-innocence claims implicate due process, (5) and so there is no
federal analog to our holding in Elizondo. But in Schlup the Supreme Court declared that a
showing of actual innocence may operate as a gateway to federal review of the merits of
other federal constitutional claims under circumstances in which those constitutional claims
would otherwise be procedurally barred. (6) Our analog gateways are contained in Article
11.07, Section 4(a)(2), and Article 11.071, Section 5(a)(2). (7) They are creatures of statute,
not binding Supreme Court case law.

 For this Court to continue to "recognize" so-called "Schlup innocence claims" does
a disservice to the bench and bar and engenders the kind of misunderstanding that the
convicting court exhibited in this case. The truth of the matter is that there is really no such
thing as a "Schlup actual innocence claim" in Texas. We have a statutory gateway
mechanism that works much like the court-made federal gateway. But it is just that--a
statutory gateway to reaching other federal constitutional claims (including, ironically, a bare
actual-innocence claim under Elizondo) that would otherwise be unavailable to a habeas
applicant under our now-codified abuse-of-the-writ provisions. It is not required by Schlup. 
It is not even an actual-innocence claim in its own right. It merely operates as a mechanism
to permit consideration of other constitutional claims that would otherwise be procedurally
barred because raised for the first time in a subsequent writ application.

 Here the applicant raised both his claim of ineffective assistance of counsel and his
Elizondo actual-innocence claim in this initial writ application. There is no procedural bar
to our proceeding directly to the merits of both claims. The abuse-of-the-writ provision in
Article 11.07, Section 4, is not triggered, so there is no reason for anyone to invoke the
exception that is embodied in the gateway provision in Section 4(a)(2). And there is
certainly no occasion to mention Schlup. (8) We should quit doing so.

 With these remarks, I concur in the Court's judgment.

Delivered: December 18, 2013

Publish
1. Ex parte Brown, 205 S.W.3d 538, 544 (Tex. Crim. App. 2006).
2. Ex parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App. 1996).
3. 513 U.S. 298 (1995).
4. See Ex parte Blue, 230 S.W.3d 151, 158, 160 (Tex. Crim. App. 2007).
5. Id. at 158 (citing, e.g., Herrera v. Collins, 506 U.S. 390, 417-19 (1993)).
6. Schlup, 513 U.S. at 326-27.
7. Tex. Code Crim. Proc. arts. 11.07 § 4(a)(2), 11.071 § 5(a)(2).
8. In its opinion today, the Court says that "[b]ecause Applicant's ineffective assistance of
counsel claims are not procedurally barred as subsequent, a Schlup innocence claim dependent on
them is improper." Majority Opinion at 2. This sentence implies that there would ever be a "proper"
context in which to assert "a Schlup innocence claim." Better to say that there is no such thing as
"a Schlup innocence claim" in Texas, and that our own statutory gateway provision is not triggered
in this case, the applicant having raised his constitutional claims (including his Elizondo actual-innocence claim) in an initial writ application.